IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:21-CR-00020 |
| v. | ) | |
| | ) | |
| LISA DILLARD | ) | |

### LISA DILLARD'S SENTENCING MEMORANDUM ASKING THE COURT TO ACCEPT THE BINDING PLEA AGREEMENT

The Defendant, Lisa Dillard, by counsel, files this Sentencing Memorandum, respectfully requesting a sentence in conformance with the plea agreement entered into between herself and the Government. This sentence would comply with the mandate to impose a sentence "sufficient but not greater than necessary" to achieve the purposes of sentencing, as set forth in 18 U.S.C. § 3553(a)(2).

### I.   INTRODUCTION

Ms. Dillard pled guilty to one Count of an information filed against her, without a formal indictment, and entered into a binding plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). She did so because she accepts responsibility for her conduct and is ready to bear the consequences. *See* Exhibit 1. The binding plea agreement provides for a sentence of 0 to 24 months. In addition, the Probation Office, in its final Pre-Sentence (PSR) filed February 9, 2022, recommended ordering a total of $190,264.01 in restitution. *See* PSR, ECF No. 30, ¶ 74.

Ms. Dillard provides for her mother's medical needs, including transportation to and from doctor's appointments; cares for her granddaughter while her daughter is working; and has cared for other members of her family as necessary since she was a child. *See* Exhibit 1. Any sentence of incarceration that this Court imposes will not only limit her ability to care for her family, but also impair her ability to earn income to pay the amount of restitution the

1

Court orders. For that reason, Ms. Dillard respectfully requests that the Court accept the binding plea agreement and sentence her within the range the plea agreement provides.

## II. LEGAL STANDARD

*United States v. Gall*, 552 U.S. 38 (2007), requires the court to consider all of the 18 U.S.C. § 3553(a) factors in imposing sentence. *Id.* at 49–50. Because the sentencing guidelines are no longer mandatory, but merely "advisory," a sentencing court must give "meaningful consideration" to the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cooper,* 437 F.3d 324, 329–30 (3rd Cir. 2006). These factors guide the court to impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The relevant factors as outlined in § 3553(a) include:

- the nature and circumstances of the offense, (a)(1);
- the history and characteristics of the defendant, (a)(1);
- the need for the sentence imposed (a)(2);
- the kinds of sentences available, (a)(3);
- the sentencing guideline range, (a)(4);
- pertinent Sentencing Commission policy statements, (a)(5);
- the need to avoid unwarranted sentencing disparities, (a)(6);
- the need to provide restitution to any victims of the offense (a)(7).

18 U.S.C. § 3553(a). After *United States v. Booker*, 125 S. Ct. 738 (2006), "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Booker,* 125 S. Ct. at 760 (quoting 18 U.S.C. § 3661).

### III. SENTENCING REQUEST

Ms. Dillard respectfully requests that the Court accept the binding plea agreement and sentence her within the range the plea agreement provides. This sentence is "sufficient but not greater than necessary," and is supported by the § 3553(a) factors.

Ms. Dillard serves as a caregiver for both her mother and granddaughter and supports her other family members as well. Her mother is currently in ICU. Ms. Dillard serves as her power of attorney, and when she is released from the hospital Ms. Dillard had planned that her mother would live with her so that Ms. Dillard can continue to care for her. Ms. Dillard's brothers both struggle with alcoholism and her family has been through a lot in the last few years, including her nephew's suicide. *See* Exhibit 1; PSR, ECF No. 30, ¶ 48–52. Ms. Dillard also has several medical conditions[1] that require oversight, treatment, and daily monitoring, which would be much more difficult to manage if incarcerated. *See* PSR, ECF No. 30, ¶ 53–55. A sentence of incarceration, particularly one exceeding the sentencing range in the binding plea agreement, will thus not only impair Ms. Dillard's ability to care for her health, but also significantly burden her family members who rely on her for support.

In imposing Ms. Dillard's sentence, the Court should also bear in mind the significant amount of restitution Ms. Dillard will have to pay. While incarcerated, Ms. Dillard cannot earn income to pay restitution, and finding employment or reestablishing her business will become increasingly difficult the longer she is incarcerated. Imposing a sentence within the range contemplated by the binding plea agreement will significantly improve the likelihood that Ms. Dillard is able to repay the restitution this Court orders. Accordingly, Ms. Dillard respectfully requests that the Court accept the binding plea agreement.

---

[1] The PSR indicates that Ms. Dillard suffers from situational anxiety. She does not have a situational anxiety diagnosis, nor does she have any other significant psychiatric diagnosis. *See* Exhibit 2.

3

## IV. THE PSR'S OCCUPATIONAL RESTRICTION

The PSR proposes a "'Special' Condition" that "[t]he defendant shall be prohibited from engaging in any occupation, business, or profession requiring the handling of monetary instruments or which involves tax preparation and submission." PSR, ECF No. 30, ¶ 66. Ms. Dillard requests that the Court not impose this condition during any period of supervised release included in Ms. Dillard's sentence. This condition is not necessary to ensure Mrs. Dillard's compliance with the law, is unreasonably restrictive, and is overbroad.

Presumably, the aim of this condition would be to avoid presenting Ms. Dillard with a situation in which she can commit future fraud. To the extent that this condition merely seeks to deter future crime, it is unnecessary because Mandatory Condition 1, that the supervisee "not commit another federal, state, or local crime," PSR ECF No. 30, ¶ 66, already addresses this aim. Beyond that purpose, the special condition is unreasonably restrictive. If Mrs. Dillard is to pay a fine or restitution as part of her sentence, she must have a means of earning income to make these payments. Because of her education, she will have the most success pursuing gainful employment as an accountant or bookkeeper. Preventing her from pursuing such employment limits her earning capacity and forces her to remain underemployed. This, in turn, hinders her ability to make court ordered payments. The condition is also overbroad, because nothing in the PSR excludes, for example, cash from the condition's definition of "monetary instruments," precluding Ms. Dillard from an endless variety of types of employment, including waitressing or employment as a cashier. Because this condition is antagonistic to Ms. Dillard's ability to pay any amount of court-ordered restitution, Ms. Dillard requests that the Court not impose this condition during any period of supervised release included in Ms. Dillard's sentence.

## V. SELF-SURRENDER REQUEST

If Ms. Dillard's sentence includes a period of incarceration, Ms. Dillard requests that she be allowed to self-surrender to the United States Marshal's Service at a date not earlier than 30 days following her sentencing hearing. Ms. Dillard requests this time so that she can attend to her own medical appointments and ensure her mother will be cared and provided for while she is incarcerated.

## CONCLUSION

For the reasons stated above, Ms. Dillard requests that the Court accept the binding plea agreement, and sentence her within the range the plea agreement provides. This sentence complies with the mandate of 18 U.S.C. § 3553(a)(2) to impose a sentence "sufficient but not greater than necessary to achieve the goals of sentencing.

Respectfully,

*/s/ Elena Schiefele*
Legal Intern
elena_schiefele@fd.org

*/s/ Monica D. Cliatt*
First Assistant Federal Public Defender
PA Atty. No. 84848
210 1st Street, SW, Suite 400
Roanoke, Virginia 24011
Tel: (540) 777-0880
Fax: (540) 777-0880
monica_cliatt@fd.org

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Office of the United States Attorney for the Western District of Virginia this 18th of April, 2022.

*Elena Schiefele*

Elena Schiefele, Legal Intern